IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THINH NGOC NGUYEN,

     Petitioner,

v.                                            2:26-cv-00911-KG-DLM

TODD LYONS, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Thinh Ngoc Nguyen's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Petitioner, a native and citizen of Vietnam, entered the United States in July 2022 without inspection or parole. Doc. 1 at 5–6; Doc. 8 at 2–3. United States Border Patrol encountered him near the border where he claimed a fear of returning to Vietnam. *Id.* The Department of Homeland Security ("DHS") placed Petitioner in its "Alternatives to Detention" program and released him on his own recognizance. *Id.* DHS also notified Petitioner that it had initiated removal proceedings against him. *Id.* Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* He has no criminal history. *Id.*

In July 2025, an immigration judge denied Petitioner's application and ordered him removed to Vietnam. *Id.* Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), which remains pending. *See* Doc. 1-2. Shortly thereafter, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. Doc. 1 at 4. He remains at the Otero County Processing Center in Chaparral, New Mexico. *Id.*

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *See* Doc. 1 at 1–2. He seeks immediate release. *Id.* at 9. The Government opposes the petition. *See* Doc. 8.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    Petitioner's detention violates the INA.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.). This regime includes noncitizens who express a fear of persecution during expedited removal and "shall be detained" while their credible-fear claims are adjudicated. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section § 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on

whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[1] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). Petitioner entered the United States in 2022, was released on his own recognizance, and was placed in removal proceedings under § 1229a. *See* Doc. 8 at 2; Doc. 8-2 at 2. In 2025, ICE detained him in the interior while those proceedings remained ongoing. *Id.* An immigration judge ordered Petitioner removed, but that order is not administratively final because Petitioner's appeal remains pending. *See* 8 C.F.R. § 1241.1. Therefore, Petitioner is a noncitizen detained "pending a decision on whether [he is] to be removed," and his detention is governed by § 1226(a). *See Jennings*, 583 U.S. at 303 (2018). Petitioner's continued detention without an individualized bond hearing is therefore unlawful under the INA.

The Government argues that Petitioner remains subject to mandatory detention under § 1225(b)(1)(B)(iii)(IV). That argument fails. Section 1225(b)(1) governs noncitizens in expedited removal and credible-fear screening proceedings. That posture no longer applies. DHS placed Petitioner in full removal proceedings under § 1229a and permitted him to pursue his applications for asylum, withholding of removal, and protection under the Convention Against Torture before an immigration judge. *See* Doc. 8-2 at 1. Once DHS proceeded under § 1229a, Petitioner's case was no longer governed by the expedited removal framework.

---

[1] While the Fifth Circuit holds that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission," *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.), the Tenth Circuit has not yet addressed the question.

**B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

**C.      *The proper remedy is release.***

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo. Jan. 13, 2026) (same).

*IV.*     *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2.  The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3.  The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.